# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ZAREOU LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-3127-S |
| | § | |
| CUBEWORK.COM, INC. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Cubework.com, Inc.'s Amended Motion for Summary Judgment on Plaintiff's Claims ("Motion") [ECF No. 39]. The Court has reviewed the Motion, Plaintiff Zareou LLC's Response to the Motion and Brief in Support ("Response") [ECF No. 42], Defendant's Reply in Support of the Motion ("Reply") [ECF No. 44], the summary judgment evidence, and the applicable law.[1] For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

This case arises from an alleged breach of contract involving a commercial storage provider. In 2022, Plaintiff Zareou LLC entered into two License Agreements ("Agreements") with Defendant Cubework.com, Inc. App. to Mot. ("Defendant's Appendix") [ECF No. 40] Exs. 1, 2. The Agreements contained identical choice-of-law, relocation, and liability release provisions. *Compare* Def.'s App., Ex. 1 ¶¶ 22, 26, 12, *with* Def.'s App., Ex. 2 ¶¶ 22, 26, 12. As a licensee under the Agreements, Plaintiff was permitted to store equipment at Defendant's warehouse in Grand Prairie, Texas. Def.'s App., Ex. 1 ¶ 4; Def.'s App., Ex. 2 ¶ 4. Plaintiff, a manufacturer of personal protective equipment, stored seven medical-grade mask machines

---

[1] Defendant objects to a number of pages in the Response, contending that Plaintiff impermissibly added new arguments in response to the Court's Order [ECF No. 38] directing the parties to file additional briefing on a choice-of-law issue. Reply 1. Plaintiff's additional arguments had no impact on the Court's decision. Therefore, the Court overrules Defendant's objection as moot.

("Machines")[2] at the warehouse. App. to Resp. ("Plaintiff's Appendix") [ECF No. 43] Ex. 1 ¶¶ 4-5, 17, 20. After some time, Defendant relocated the Machines to another facility in Coppell, Texas. *Id.* ¶ 24. When Plaintiff's representative examined the Machines at the new facility, Plaintiff's representative noted that the Machines "were broken, stored improperly, and damaged." *Id.* ¶ 30.

Plaintiff sued, alleging that Defendant breached the Agreements by failing to provide Plaintiff the required notice before relocating the Machines and by relocating the Machines to a facility that was not comparable to the original facility. Pl.'s Original Compl. ("Complaint") ¶¶ 14-17, 36. Further, Plaintiff claimed that Defendant negligently caused over $2 million in damage to the Machines and other property during the relocation. *Id.* ¶¶ 19-21, 29. Defendant moves for summary judgment on Plaintiff's claims on six grounds: (1) Plaintiff lacks standing because it does not own the Machines; (2) Plaintiff has no proof of damages; (3) Plaintiff has no proof that Defendant caused Plaintiff's damages; (4) Plaintiff failed to designate any experts; (5) the releases contained in the Agreements bar Plaintiff's claims; and (6) Plaintiff's negligence claim is barred by the economic loss rule. Mot. 1-2.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving

---

[2] Non-party Zareou Manufacturing USA, Inc., Plaintiff's sister company, purchased and owns the Machines. Def.'s App., Ex. 3, at 30:9-31:14; Def.'s App., Ex. 5.

party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) showing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Corp.*, 475 U.S. 574, 586-87 (1986). "[C]onclusory statements, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). The Court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. ANALYSIS

Because the Agreements contain a choice-of-law provision, the Court first analyzes which law to apply. Then, the Court turns to whether Plaintiff has standing to bring this suit. The Court next determines whether Plaintiff's negligence claim is barred by the economic loss rule. Finally, the Court addresses whether the release contained in the Agreements bars Plaintiff's breach of

3

contract claim. Because the Court grants summary judgment based on the economic loss rule and the release in the Agreements, it is unnecessary to address Defendant's remaining arguments.

### A. Choice of Law

The Agreements each contain a choice-of-law provision that establishes that the Agreements "shall be construed and interpreted under and in accordance with" California law. Def.'s App., Ex. 1 ¶ 22; Def.'s App., Ex. 2 ¶ 22. "Absent notice by the parties that another state's law should apply and that the other state's law differs from Texas law, the court will apply Texas law to the dispute and presume the sister state's laws are the same." *Neukranz v. Conestoga Settlement Servs., LLC*, No. 3:19-CV-1681-L, 2022 WL 19518462, at *11 n.10 (N.D. Tex. Nov. 23, 2022) (citation omitted), *report and recommendation adopted by* 2023 WL 2555551 (N.D. Tex. Mar. 16, 2023). Neither party has invoked the choice-of-law provision in the Agreements, and until the Court's Order [ECF No. 38], the parties pursued this case applying only Texas law. Mot. 23. In response to the Court's Order identifying the choice-of-law provision in the Agreements and requesting additional briefing on which law applies, the parties submitted briefing with both Texas and California law in support of their positions. However, the parties agree that the outcome would be the same under Texas or California law. Mot. 25; Resp. 1. Therefore, the Court will "follow the lead of the contracting parties" and apply Texas law. *Thermo Fisher Sci. Inc. v. Ducharme*, No. M-08-9, 2008 WL 11399557, at *3 (S.D. Tex. Sep. 30, 2008) (citation omitted); *see also Aboussie v. Aboussie*, 441 F.2d 150, 155 n.6 (5th Cir.) ("follow[ing] the lead of the contracting parties" where the parties briefed Texas law and assumed that it governed their agreement), *withdrawn in part on other grounds*, 446 F.2d 56 (5th Cir. 1971).

### B. Standing

Defendant argues that Plaintiff lacks standing to bring this suit because it does not own the Machines. Mot. 25. To have standing, Plaintiff must demonstrate that it suffered "an invasion of a legally protected interest." *Vapor Tech. Ass'n v. Graham*, 167 F.4th 302, 305 (5th Cir. 2026) (citation omitted). If Plaintiff cannot show that it has a legal claim to the Machines, then it cannot demonstrate an invasion of a legally protected interest and therefore lacks standing to bring this suit. *See Cantu v. Guerra & Moore Ltd.*, No. 21-40584, 2022 WL 1576766, at *1 (5th Cir. May 19, 2022).

Plaintiff concedes that non-party Zareou Manufacturing purchased and owns the Machines. Resp. 8; Pl.'s App., Ex. 1 ¶¶ 5, 9; Def.'s App., Ex. 3, at 30:9-31:14 (confirming that Zareou Manufacturing owns the machines). However, Plaintiff claims that it has a legally protected interest in the Machines because it possesses the Machines through a bailment. Resp. 8. If Plaintiff is a bailee of Zareou Manufacturing, then it may bring this action as a real party in interest. *See* FED. R. CIV. P. 17(a)(1)(D). Under Texas law, to establish a bailment, there must be: (1) delivery of personal property from the bailor to the bailee; (2) acceptance of delivery by the bailee; (3) an express or implied contract between the parties; and (4) an agreement between the parties that the property will be returned or dealt with in accordance with the bailor's instructions. *State v. $281,420.00 in U.S. Currency*, 312 S.W.3d 547, 551 (Tex. 2010) (citation omitted). Plaintiff introduces no evidence to show an express bailment between it and Zareou Manufacturing. However, a bailment may be implied "if proof of sufficient circumstances show the implied relationship . . . rests upon a substantive foundation." *Dorward v. Ramirez*, No. 3:09-CV-0018-D, 2009 WL 2777880, at *19 (N.D. Tex. Aug. 28, 2009) (citation omitted). In such cases, "delivery and acceptance need not be formal." *Id.* (cleaned up). Generally, "knowingly taking property into

5

possession or control is a sufficient acceptance and may suffice to establish an implied bailment." *Russell v. Am. Real Est. Corp.*, 89 S.W.3d 204, 211 (Tex. App.—Corpus Christi 2002, no pet.) (citation omitted).

The parties agree that although Zareou Manufacturing owns the Machines, Plaintiff used and possessed the Machines and moved them into storage at Defendant's facility. Mot. 5-8, 27; Resp. 2-3, 8. Plaintiff and Zareou Manufacturing are "sister compan[ies]" that share the same owner. Def.'s App., Ex. 3, at 31:1-3. Further, Plaintiff held the Machines "in trust" for Zareou Manufacturing, and "[Plaintiff] held legal possession of the [M]achines once they arrived in the United States." Pl.'s App., Ex. 1 ¶ 9. The Court finds that there is sufficient evidence in the record to show an implied bailment of the Machines from Zareou Manufacturing to Plaintiff. Therefore, Plaintiff has standing as a bailee to bring its claims.

### *C. Economic Loss Rule*

Defendant contends that Plaintiff's negligence claim is barred by the economic loss rule. Mot. 41-42. The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). The rule "restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Id.* at 12-13. "A plaintiff cannot circumvent this rule by simply alleging that the defendant negligently performed his contract duties." *AXA Art Americas Corp. v. Pub. Storage*, 208 F. Supp. 3d 820, 827 (S.D. Tex. 2016). However, the rule does not apply where (1) the duty allegedly breached is independent of the contractual undertaking; and (2) the harm suffered is not merely the economic

6

loss of a contractual benefit. *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014).

In support of its negligence claim, Plaintiff alleges that Defendant breached its duties to Plaintiff by "fail[ing] to exercise care over Plaintiff's property, fail[ing] to abide by the proper guidelines for relocation as set forth in the Agreements, and fail[ing] to adequately notify Plaintiff of the relocation." Compl. ¶ 29. According to Plaintiff, Defendant was "negligen[t] in facilitating relocation of [the Machines]." *Id.* ¶ 25. But Defendant's duties regarding relocation arise from the Agreements. *See* Def.'s App., Ex. 1 ¶ 26; Def.'s App., Ex. 2 ¶ 26 ("[Defendant] shall have the right to relocate [Plaintiff] from [Defendant's warehouse] to comparable . . . alternative space in the building . . . upon fourteen (14) days' prior written notice to [Plaintiff]."). Thus, Plaintiff has not established a duty independent of the contractual undertaking. *See Energium Holding LLC v. Ascension MyHealth Urgent Care*, No. 3:21-CV-2951-S, 2024 WL 4876957, at *13 (N.D. Tex. Nov. 22, 2024) (holding that any duty the plaintiff owed not to damage the defendants' property arose out of their contract and applying the economic loss rule). To the extent that Plaintiff alleges that Defendant negligently breached duties arising from the Agreements, these claims sound in contract and are barred by the economic loss rule. *Lamar Homes*, 242 S.W.3d at 13 (citation omitted).

Attempting to avoid application of the economic loss rule, Plaintiff "alleges damages caused by **conduct** 'independent of the contractual undertaking.'" Resp. 25 (quoting *Chapman*, 445 S.W.3d at 718) (emphasis added). However, the Court already found that Defendant's conduct was not independent of the contractual undertaking. And even if it was, when "the only loss or damage" that a plaintiff has suffered "is to the subject matter of the contract," the plaintiff can ordinarily only recover under the contract. *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494

(Tex. 1991) (citation omitted). The subject matter of the Agreements was the storage of the Machines and Plaintiff's other property. *See AXA*, 208 F. Supp. 3d at 827 (holding that the subject matter of a contract between the plaintiff's insureds and the defendant, a commercial storage provider, was the insureds' property in storage). Because Plaintiff's loss is to the subject matter of the contract, Plaintiff can only recover under the contract.

Therefore, Plaintiff's damages are merely the economic loss of the contractual benefit. Plaintiff's negligence claim is barred under the economic loss rule, and Defendant is entitled to summary judgment on Plaintiff's negligence claim.

### D. Release

With respect to Plaintiff's breach of contract claim, Defendant contends that the Agreements contain a release that waives Defendant's liability for any damage to the Machines, including damage caused by Defendant's own negligence. Mot. 35-36. The relevant clause of the Agreements reads:

> **12.** **Licensee's Risk.** Licensee shall, at all times during the Term hereof and for such further time as Licensee shall occupy the Licensed Premises or any part thereof, keep all effects and property of every kind, nature and description of Licensee and of all persons claiming by, through or under Licensee which, during the continuance of this Agreement or any occupancy of the Licensed Premises by Licensee or anyone claiming under Licensee, may be in the Licensed Premises, at the sole risk and hazard of Licensee, and if the same shall be lost or damaged by any cause, no part of said loss or damage is to be charged to or to be borne by Licensor and Licensor is hereby released from all liability in connection therewith.

Def.'s App., Ex. 1 ¶ 12; Def.'s App., Ex. 2 ¶ 12. The Texas Supreme Court has "long recognized the strongly embedded public policy favoring freedom of contract." *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 230 (Tex. 2019) (citations omitted). "Limitation-of-liability clauses . . . are generally valid and enforceable." *Id.* at 231 (citation omitted).

Plaintiff argues that the release does not apply because it is intended to apply to actions by third parties, not to actions taken by Defendant. Resp. 19-20. But nothing in the release limits it to only loss or damage caused by third parties. The release expressly states that if Plaintiff's property is "lost or damaged by *any* cause, no part of said loss or damage is to be charged to or to be borne by [Defendant] and [Defendant] is hereby *released from all liability*." Def.'s App., Ex. 1 ¶ 12; Def.'s App., Ex. 2 ¶ 12 (emphasis added). This language encompasses Plaintiff's claim for breach of contract. *See AXA*, 208 F. Supp. 3d at 829 (holding that release that included "any loss, liability, claim, expense, damage to property . . . from any cause" waived the plaintiff's right to bring a breach of contract action); *Staton Holdings, Inc. v. Tatum, L.L.C.*, 345 S.W.3d 729, 736 (Tex. App.—Dallas 2011, pet. denied) (holding that a release that included "all future claims" encompassed claims for breach of contract); *Coats v. Ruiz*, 198 S.W.3d 863, 879-80 (Tex. App.—Dallas 2006, no pet.) (holding that a release that included "any and all claims, demands, . . ., actions, causes of action, liabilities, . . . and damages of whatsoever nature or character" encompassed a breach of contract claim).

Plaintiff also argues that the release is invalid because it is not conspicuous and fails to comply with the express negligence rule. Resp. 20-22. But the Court has already dismissed Plaintiff's negligence claim under the economic loss rule, and to the extent that the release must be conspicuous to validly waive a breach of contract claim, Plaintiff's actual knowledge of the release satisfies that requirement. *See Cleere Drilling Co. v. Dominion Expl. & Prod., Inc.*, 351 F.3d 642, 647 (5th Cir. 2003); Def.'s App., Ex. 1, at 7; Def.'s App., Ex. 2, at 24 (showing Plaintiff's agent's initials at the bottom of the pages containing the release); Def.'s App., Ex. 3, at 83:16-84:11 ("Q. And did you agree to [the release]? A. Yes."). Therefore, the Agreements released Defendant

9

from Plaintiff's breach of contract claim, and Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

* * *

Viewing all evidence and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court holds that Defendant is entitled to summary judgment on all of Plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Cubework.com, Inc.'s Amended Motion for Summary Judgment on Plaintiff's Claims [ECF No. 39]. Plaintiff Zareou LLC's claims are **DISMISSED WITH PREJUDICE**. Defendant's counterclaims remain pending.

**SO ORDERED.**

SIGNED April 30, 2026.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

10